**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4601

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON SOLOMON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:24-cr-00054-1)

Submitted:  June 18, 2026                                    Decided:  June 23, 2026

Before GREGROY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Tracy Weese, Shepherdstown, West Virginia, for Appellant.  Lisa G. Johnston, Acting United States Attorney, Jeremy B. Wolfe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Solomon pled guilty, without a plea agreement, to distribution of five grams or more of methamphetamine and a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).    The district court sentenced Solomon to 235 months' imprisonment, the bottom of his Sentencing Guidelines range.  On appeal, Solomon argues that his sentence is procedurally unreasonable because the district court failed to consider one of his nonfrivolous arguments for a downward variance.  We affirm.

"We review the procedural reasonableness of a criminal sentence under a deferential abuse-of-discretion standard."  *United States v. Solis-Rodriguez*, 144 F.4th 617, 626 (4th Cir. 2025) (internal quotation marks omitted), *cert. denied*, 25-6431, 2026 WL 490545 (U.S. Feb. 23, 2016).  A sentence is procedurally reasonable if "the district court properly calculated the defendant's advisory guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted).  "As relevant here, the district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *Id.* at 626-27 (citation modified).

Solomon concedes that the district court considered his two primary arguments in support of a downward variance.  But Solomon faults the district court for not considering that he lacked a father figure growing up and that he began using drugs and suffered a gunshot wound as a teenager.  The Government counters that, although Solomon briefly mentioned these facts in his sentencing memorandum, he did not mention them during the

2

sentencing hearing and never explained how they supported a downward variance. Accordingly, the Government contends that our review is for plain error.

We need not resolve the standard of review because we conclude that the district court did not err—plainly or otherwise. Initially, the district court considered Solomon's history of drug use when it ordered drug testing, thereby making Solomon eligible for the requested substance abuse treatment in prison. The district court also considered Solomon's upbringing. But contrary to Solomon's interpretation, the court described his upbringing as "good." (J.A. 69).[*] This was a reasonable interpretation based on the facts reported in the presentence report (PSR). To be sure, the PSR also noted that Solomon lacked a father figure and was shot at age 14. But considering that Solomon only briefly mentioned these facts in the sentencing memorandum, did not mention them at all during the sentencing hearing, and never explained why they were mitigating, we conclude that the district court did not err in failing to mention them during its sentencing explanation. Moreover, we conclude that the district court carefully explained why a lengthy sentence was warranted in light of the § 3553(a) factors, including the need to deter Solomon and others from engaging in criminal conduct and the need to protect the community.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] "J.A." refers to the joint appendix filed in this appeal.

3